IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CALVIN BERNIS GAINES,**

        Petitioner,

    v.                                  CASE NO.  13-3019-RDR

**Charles E. Samuels, Warden,
USP-Leavenworth,**

        Respondents.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  Mr. Gaines was convicted of drug trafficking and is serving a 43-month sentence imposed by the United States District Court for the Eastern District of Utah.  He has a projected release date of November 2013. Petitioner claims that the Bureau of Prisons (BOP) should be required to review inmates for placement in a Residential Re-entry Center (RRC) earlier than the current policy allows and complains that the BOP is improperly trying to limit RRC placement to 6 months.  He seeks a court order requiring the BOP to consider his request for 12-months placement in an RRC earlier and more favorably.  Having considered the petition, the court finds as follows.

**MOTION TO PROCEED IN FORMA PAUPERIS**

1

Petitioner has filed a Motion to Proceed in forma pauperis. Having considered the motion, the court finds that it must be denied because his current balance indicates he has funds to pay the $5 fee. Accordingly, petitioner is required to submit the fee. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**PETITION IS NOT ON FORMS**

Local court rule requires that habeas corpus applications be submitted upon court-approved forms. Petitioner has not utilized the forms. Instead, he has filed a very lengthy and general legal memorandum that presents few facts regarding his particular case. He is required to submit his application upon the proper forms. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

It has long been established that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir.

2004)(citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)).  Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy."  *See Moscato v. Federal BOP*, 98 F.3d 757, 761-62 (3rd Cir. 1996).  In order to have fully exhausted, petitioner must have raised claims on administrative appeal[1] that are identical to those he now presents in this federal habeas corpus petition.

It plainly appears from petitioner's arguments and exhibits that he has not fully exhausted administrative remedies.  This is true whether petitioner's claim is that his application for RRC placement was considered too late to allow exhaustion of administrative and judicial remedies or that he was improperly

---

[1] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  First, an inmate must attempt informally to resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If the concern is not informally resolved, an inmate may file an appeal to the Warden.  28 C.F.R. § 542.14.  Next, an inmate may appeal an adverse decision to the Regional Director.  28 C.F.R. § 542.15(a).  Finally, the inmate may appeal to the BOP's Central Office.  *Id*.  No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office.  *Id*.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

denied RRC placement for the full 12 months. Mr. Gaines does not allege facts or provide exhibits showing that he filed a BP-8, BP-9, BP-10, and a BP-11 challenging the decision as to the length of his RRC placement or the time frame of the RRC placement decision relative to the review process.

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception," which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254;" and "other circuits have recognized in the context of petitions brought under § 2241." *See Ciocchetti v. Wiley*, 2009 WL 4918253 (10th Cir. Dec. 22, 2009, unpublished)[2](citing *see Fairchild v. Workman,* 579 F.3d 1134, 1155 (10th Cir. 2009); *see e.g., Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)). Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Petitioner argues that exhaustion should be excused in his case because it will take too long based upon the time guidelines for each tier of the BOP's administrative remedy process, and it would be futile based upon BOP Director Harley

---

[2]   This unpublished case is cited for its reasoning only, and not as binding precedent.

4

Lappin's statement in 2008 not to expect the Second Change Act to result in a substantial move to RRC facilities. In support of these arguments, he alleges that were he required to pursue administrative remedies, he "would likely be near his last twelve months" or "inside the twelve months before his release date." He claims that the time frame for administrative remedies is unreasonable and speculates that with all the extensions available to prison authorities, exhaustion could take as long as 140 to 220 days.

Petitioner contends that requiring full exhaustion would deprive him of time in an RRC. However, this, in and of itself, is not such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. The Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," that Court acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). Similarly, exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief

on administrative appeal before the final year of his sentence. The twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum. *See* 18 U.S.C. 3624(c)(1)-(6). Petitioner's arguments to the contrary are not convincing.

In short, petitioner has not met his burden of showing extraordinary circumstances that would exempt him from the exhaustion requirement. Accordingly, the court finds this § 2241 petition is subject to being dismissed for failure to exhaust.

**FAILURE TO STATE CLAIM FOR RELIEF UNDER § 2241**

The court also finds that Mr. Gaines has failed to state facts to support a claim for relief under § 2241. 28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Petitioner asks the court to order the BOP to consider his application for placement "in good faith" and "on an individualized basis using the five factors" in 18 U.S.C. § 3621(b) and to take into account the language of 18 U.S.C. § 3624(c)(6)(C), which he claims grant[s] him the maximum amount of time in an RRC to provide the "greatest likelihood of successful reintegration into the community." However, he

6

alleges no facts to demonstrate that proper consideration of requisite statutory provisions was not provided in determining his RRC placement. In fact, he provides no information whatsoever regarding the RRC placement decision in his case, and does not even allege that a decision has been rendered.

Petitioner is given thirty (30) days in which to show cause why this action should not be dismissed for failure to exhaust and for failure to state a claim under § 2241.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is denied, and he is granted thirty (30) days in which to submit the fee of $5.00 to the court.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to submit his petition upon court-approved forms and to show cause why this action should not be dismissed for failure to exhaust administrative remedies and failure to state a claim entitling him to relief.

The clerk is directed to send § 2241 forms to petitioner.

**IT IS SO ORDERED.**

**DATED:** This 14th day of February, 2013, at Topeka, Kansas.

                                         **s/RICHARD D. ROGERS**
                                         **United States District Judge**